UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AUTOMATED TRANSACTIONS LLC,

        Plaintiff,

    v.

NEW YORK COMMUNITY BANK and NEW YORK COMMUNITY BANCORP, INC.,

        Defendants.

Case No. 2:12-cv-03070-JS-ARL

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

ARGUMENT ..........................................................................................................................1

    1. The Decisions in The First Niagara and Astoria Federal Cases Do
       Not Save This Complaint ...............................................................................................1

    2. Neither First Niagara Nor Astoria Federal Sanctioned "Group Pleading" .................3

    3. Form 18 Does Not Save ATL's Complaint from Dismissal ........................................4

    4. There Is No Principled Basis for Patent Cases To Be Treated Differently
       From All Other Civil Cases ..........................................................................................5

    5. Form 18 Does Not Save ATL's Allegations of Induced and Willful
       Infringement .................................................................................................................6

CONCLUSION .......................................................................................................................9

CERTIFICATE OF SERVICE ............................................................................................10

## **ARGUMENT**

In their opening memorandum, Defendants noted several deficiencies in ATL's allegations of direct, indirect and willful infringement that mandated dismissal under Fed. R. Civ. P. 12(b)(6), including the lack of allegations specifying how each of the two Defendants allegedly infringed the patents-in-suit, and the lack of allegations specifying which of Defendants' ATMs are at issue and which patent claims those ATMs allegedly infringe.  In response, ATL did not point the Court to a single allegation in its Complaint that fills these gaps.  Instead, ATL argued that it need not provide any further factual detail in order to open the gates to expensive discovery because two other district courts (in opinions that do not bind this Court) found ATL complaints filed against other banks to be sufficient.  Although ATL asserts that "ATL's Complaint is in full compliance with [Twombly] and [Iqbal]" (ATL Memo. (D.I. 12) at 1), ATL offers no analysis or facts to support that bold assertion.  After professing its willingness to have the adequacy of its Complaint determined under Twombly, ATL quickly shifts to an argument based on Form 18.  But that Form deals only with a single claim of one patent against one defendant, and thus cannot save ATL's Complaint from dismissal.

    1.       The Decisions in The First Niagara
                and Astoria Federal Cases Do Not Save This Complaint

ATL's main argument in opposition to dismissal – which it repeats on almost every page of its memorandum – is that ATL's Complaint satisfies the Federal Rules of Civil Procedure because two other district courts (Western and Southern Districts of New York) upheld similar complaints that ATL filed against different defendants.  But the photo copying of boiler plate, conclusory allegations from other cases does nothing to address the substantive points raised by Defendants, in the case at bar.  This Court has dismissed complaints that were obviously copied from prior complaints where the plaintiff made no effort to tailor the complaint to the specific

defendants and the specific facts at issue. In Grandy v. BAC Home Loan Servicing, LP, for example, the Court dismissed a complaint where allegations "appear to have been copied directly from the form complaint" used by other plaintiffs in similar cases. Grandy, No. 10-cv-4278, 2012 WL 1118039, at *1, *7 (E.D.N.Y. Mar. 30, 2012). The Court warned plaintiff not to "copy indiscriminately from a form complaint." Id. at *7. So too, Magistrate Judge Boyle dismissed a complaint for the same reason in Done v. HSBC Bank USA, No. 09-cv-4878, 2010 WL 3824146, at *3 (E.D.N.Y. July 19, 2010) (dismissing complaint that "largely consists of a template downloaded from the internet with defendants' names pasted into the caption"), adopted by 2010 WL 3824142 (Sept. 23, 2010) (Bianco, J.). The Court held that copying prior complaints without showing how those complaints' allegations apply to the new defendants "falls far short of giving fair notice" to those defendants. Done, 2010 WL 3824146, at *3. The same result should obtain here. ATL admittedly copied allegations from its prior complaints that were filed against different defendants, and it chose to rely on those recycled complaints rather than allege any specific facts about these Defendants.

     ATL's reliance on its First Niagara and Astoria Federal complaints is even more problematic in the case at bar. In those cases, ATL asserted claims of infringement on only four (4) patents; the same four patents in both cases. Here, however, ATL has claimed infringement on twelve (12) patents – eight (8) of which were not mentioned in First Niagara or Astoria Federal. Without providing any facts to support its twelve different patent claims, ATL has merely repeated the conclusory allegations contained in First Niagara and Astoria Federal, and simply added eight more conclusory patent claims. Accordingly, without any additional facts, ATL has cut and pasted four prior claims and added eight more. ATL cannot simply re-package

2

the bare bones allegations from its prior complaints and use them in a new case that has three times as many patent claims (asserted against different defendants).

### 2. Neither First Niagara Nor Astoria Federal Sanctioned "Group Pleading"

ATL's repeated reliance on the First Niagara and Astoria Federal decisions is also misplaced because neither decision holds that a plaintiff may lump two defendants together and thereby avoid its obligation to provide each defendant fair notice of the charges against it. In its discussion of the Astoria Federal case, ATL ignores the fact that Judge Stein refused to allow ATL to engage in precisely this type of "group pleading." As a threshold matter, before addressing the adequacy of the allegations, Judge Stein dismissed the bank holding company. Judge Stein held that since ATL had not alleged any facts "explaining how the parent, Astoria Financial, can be held liable for the conduct of Astoria Federal," ATL could not maintain its allegations against the parent. (Defs.' Memo (D.I. 11-1) at 7.) Here, simply ignoring this judicial instruction, ATL melds its allegations against these separate Defendants and offers no facts showing how either Defendant – the holding company or its subsidiary – can be held liable for supposedly infringing twelve (12) different patents. Nor did Astoria Federal deal with twelve (12) patents as is the case at bar.

The Western District of New York's opinion in the First Niagara case is similarly unhelpful to ATL, as there was no consideration of the problem that arises when a plaintiff commingles pleadings against separate defendants. Moreover, the First Niagara court never determined the adequacy of the complaint under Twombly. Instead, that court found the pleading standards irreconcilable and held (erroneously) that Form 18 superseded the pleading standard set forth in Twombly and Iqbal. In the other cases cited by ATL where infringement complaints were upheld against 12(b)(6) challenge – including one case, Steuben Foods, written

3

by the same District Judge who presided over First Niagara – those courts also failed to address the particular problems raised by group pleading in multiple-defendant scenarios. The complaints in those cases were filed against one, and only one, defendant. (ATL Memo. at 3 (Steuben Foods), 4 (Bill of Lading), 5 (Bender).)

### 3. Form 18 Does Not Save ATL's Complaint from Dismissal

Form 18 is a sample complaint where the plaintiff makes allegations: 1) against only one defendant; 2) involving only one patent; and 3) involving only direct infringement, with no claim for indirect infringement or willfulness. In Bill of Lading, the Federal Circuit case on which ATL relies, each complaint at issue involved one defendant. Form 18 also does not address allegations of infringement of more than one patent at a time – much less allegations of infringement of 88 claims in 12 patents. Moreover, the Form does not address complex "means-plus-function" claims in patents, which constitute the majority of the claims asserted by ATL. Nor does it address allegations of indirect or willful infringement. Indeed, the Federal Circuit has been careful to note that Form 18 should be "strictly construed." See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("We agree with several district courts that have addressed this issue that Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."). ATL claims, nonetheless, that its Complaint survives dismissal because it "meets, if not exceeds, the requirements of Form 18." (ATL Memo. at 4.) Since Form 18 does not even address the factual scenario presented in ATL's complaint, Form 18 cannot be a valid basis to sustain that complaint.

      4.    There Is No Principled Basis for Patent Cases
           To Be Treated Differently from All Other Civil Cases

ATL's reliance on Form 18 is also misplaced because it ignores Second Circuit authority holding that Twombly and Iqbal control the resolution of a motion to dismiss in all cases. While ATL may be correct that the Second Circuit has not ruled on a motion to dismiss a patent infringement complaint, that is only because appeals in patent cases go directly to the Federal Circuit. The Second Circuit has, however, issued many opinions holding that Twombly and Iqbal set forth the general pleading standard to be applied in all civil cases. See, e.g., Ruston v. Town Bd., 610 F.3d 55, 58-59 (2d Cir. 2010) (rejecting special pleading standard for certain types of Equal Protection cases and holding that Iqbal supersedes any such standard); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). See also Defs.' Memo. at 14-15. This is consistent with the Supreme Court's decision in Iqbal, which held that Twombly's pleading standards applied to all kinds of civil actions. Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). It is also consistent with an opinion issued twenty years after Form 18 was adopted, where the Second Circuit held that the Federal Rules – regardless of the Forms in the Appendix – "adopted a uniform system for all cases." See Nagler v. Admiral Corp., 248 F.2d 319, 323 (2d Cir. 1957) (emphasis added). The Second Circuit noted that the drafters of the Federal Rules (and the Forms) rejected the argument that there should be "separate provisions in patent, copyright, and other allegedly special types of litigation" – which is exactly what ATL has argued here. Id.

Notwithstanding the existence of a simplistic Negligence Form (Form 11), the Second Circuit still applies the "uniform" standard set forth in Twombly and Iqbal even where there is a Form in the Appendix to the Federal Rules that purports to address the cause of action at issue. (See Defs.' Memo. at 14-15 (citing Second Circuit cases applying Twombly and Iqbal – not Form 11 governing negligence – to negligence complaints).) It is these decisions of the Second

5

Circuit that the Federal Circuit – and this Court – must follow in reviewing ATL's Complaint, and ATL offers no substantive distinction of those decisions in its brief. Because ATL's Complaint does not come close to satisfying Twombly and Iqbal, the Complaint should be dismissed.

        5.    Form 18 Does Not Save ATL's Allegations of Induced and Willful Infringement

Whatever may be the continuing viability of Form 18 with respect to claims of direct infringement (or its application to ATL's direct infringement claims), it is clear that Form 18 does not set the pleading standard for allegations of indirect and willful infringement – both of which ATL seeks to maintain here. See Bill of Lading, 681 F.3d 1336; Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC, No. 12-cv-00068, 2012 WL 2806317, at *4 (N.D. Cal. July 10, 2012) (decided after Bill of Lading; holding that Form 18 does not govern claims of willful infringement). As Defendants laid out in their opening brief, ATL's allegations of indirect and willful infringement fail to pass muster under Twombly and Iqbal, because they contain no more than conclusory allegations unsupported by facts. (Defs.' Memo. at 18-19.)

Once again, ATL's sole defense of its allegations is that it copied "almost verbatim" similar allegations that were deemed sufficient by other district courts in cases against other defendants. (ATL Memo. at 5-6.) Not only is this pleading practice impermissible for the reasons discussed supra, but the cases ATL cites in defense of its induced and willful infringement claims also illustrate precisely why ATL's complaint is insufficient. In Bender v. Nat'l Semiconductor Corp., for example, the Northern District of California granted a motion to dismiss direct and induced infringement claims that were even more specific and factually supported than the claims in ATL's complaint. In Bender, the court – applying Twombly and Iqbal, not Form 18 – dismissed direct and induced infringement claims for failure to identify

6

specific products that allegedly infringed plaintiff's patents. Bender, No. 09-cv-1151, 2009 WL 4730896, at **1-3 (N.D. Cal. Dec. 7, 2009) (cited in ATL Memo. at 5). The allegation deemed insufficiently specific went far beyond what ATL included in its complaint:

> National Semiconductor has performed acts and performs acts that infringe, and induce others to infringe, one or more of the claims of the '188 Patent (including, without limitation, claims 8-14 and 29-46) by making, suing, offering for sale, and/or selling <u>products that consist of, comprise and/or contain at least one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier (commonly known in the analog electronics industries as a "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback amplifier" as the case may be)</u> and/or by practicing related methods embodying inventions claimed therein, which <u>such products include, without limitation, cell phones, computer equipment, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof</u>."

Id. at *1 (emphasis added). The court dismissed this allegation and only allowed the plaintiff to maintain its lawsuit on the condition that the plaintiff file its proposed amended complaint. In that complaint, the plaintiff specifically identified model numbers of the alleged infringing products:

> amplifiers (i.e., op amps, comparators, differential amps, RF power detectors, variable gain amps, and video amplifier solutions) utilizing buffered trasnconductance architectures and such National Semiconductor audio data convertor, and interface products which utilize any of such amplifiers with similar architectures, <u>a representative sample list of which products is as follows – LM6152, LM6171, LM7171, LM7272, LMH6553, LMH6609, LMH6643, and LMV225.</u>

Id. at *2 (emphasis added). The court allowed the plaintiff's direct and induced infringement claims to proceed only because the plaintiff backed those claims up with that level of detail. ATL's Complaint lacks this level of detail, and ATL has not requested leave to amend the

7

Complaint with the defendant-specific and product-specific facts that it must possess.  Bender, then, supports dismissal here.

8

**CONCLUSION**

For the foregoing reasons, and for those reasons explained in Defendants' opening memorandum of law, Defendants respectfully request that the Court grant Defendants' motion to dismiss. Since ATL did not request leave to amend (and did not attach a proposed amended complaint that might cure the deficiencies in its complaint), this Court should dismiss ATL's Complaint with prejudice. See Horoshko v. Citibank, N.A., 373 F.3d 248, 249-50 (2d Cir. 2004); LaFlamme v. Société Air France, 702 F. Supp. 2d 136, 155 (E.D.N.Y. 2010) (dismissing complaint with prejudice where plaintiff did not request leave to amend and did not propose additional allegations of fact that would cure pleading deficiencies).

          Respectfully submitted,

          AXINN VELTROP & HARKRIDER LLP

Dated:  August 30, 2012      By:    /s/ Thomas G. Rohback
          Thomas G. Rohback
          Gail L. Gottehrer
          90 State House Square, Flr 9
          Hartford, CT 06103
          Telephone: 860-275-8100
          Fax:  860-275-8101
          Email: tgr@avhlaw.com
          Email: glg@avhlaw.com

          Michael A. Davitz
          114 West 47th Street
          New York, NY 10036
          Telephone: 212-728-2200
          Fax: 212-728-2201
          Email: mad@avhlaw.com

          *Attorneys for Defendants New York Community Bancorp, Inc. and New York Community Bank*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss was electronically filed and served by CM/ECF to all registered counsel of record on this 30th day of August, 2012:

/s/ Thomas G. Rohback